UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV00049 FRB |
| | ) | |
| NEIGHBORS CREDIT UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Willie Watson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA").  Named as defendants are Neighbors Credit Union, Lawrence Geesing, and Tri-Star Recovery Towing.

Plaintiff alleges that he was involved in a state court dispute with defendants and that the court ruled in defendants' favor.  Plaintiff now seeks the release of records concerning the repossession of his personal property and an insurance claim. Plaintiff claims that defendant Neighbors Credit Union is an agency under the FOIA because it operates under a state and federal charter.

## Discussion

The FOIA only applies to "agencies." 5 U.S.C. § 552(a). To be an "agency" under the FOIA, an entity must be an "establishment in the executive branch." 5 U.S.C. § 552(f)(1). None of the defendants are "agencies" under this definition. As a result, the complaint will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of January, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE